Erika Birch (ID Bar No. 7831)
**STRINDBERG & SCHOLNICK, LLC**
802 W. Bannock St., Suite 402
Boise, ID 83702
Telephone:     (208) 336-1788
Facsimile:     (208) 287-3708
*erika@idahojobjustice.com*

Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RICHARD GOEDEN,<br><br>        Plaintiff,<br><br>vs.<br><br>DARIGOLD, INC., a Washington corporation<br><br>        Defendant. | **COMPLAINT AND JURY DEMAND**<br><br>CASE NO.  11-CV-252<br><br>JUDGE |

Plaintiff Richard Goeden ("Plaintiff") complains and alleges against Defendant Darigold, Inc. ("Defendant") as follows:

### NATURE OF CASE

1.      This is an action for damages due to deprivation of rights secured by the Americans with Disabilities Act, as amended ("ADA-AA"), the Age Discrimination and Employment Act ("ADEA"), the Idaho Human Rights Act ("IHRA"), Idaho state law.

### PARTIES, JURISDICTION AND VENUE

2.      Plaintiff is an individual residing in Wendell, Idaho.  At all times relevant to this

case, he was an employee of Defendant.

3.      Defendant, Darigold, Inc., is one of the nation's largest agricultural cooperatives that produce a full line of dairy-based and other products for wholesale, retail, grocery and foodservice customers.  Darigold, Inc. has eleven processing plants throughout Oregon, Washington and Idaho with more than 500 employees.

4.      This Court has jurisdiction over Plaintiff's federal claims the actions asserted herein pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over his state law claims.

5.      Venue is proper in this district pursuant to 28 U.S.C. § 1391 (b) and (c).

## ADMINISTRATIVE PROCEEDINGS

6.      Plaintiff filed a timely Charge of Discrimination with the Idaho Human Rights Commission ("IHRC") and the Equal Employment Opportunity Commission ("EEOC") on July 13, 2010 alleging disability discrimination and age discrimination.

7.      On March 1, 2011, the IHRC issued Plaintiff a *Notice of Right to Sue*.

8.      All administrative prerequisites have been met.

## GENERAL ALLEGATIONS

9.      Defendant hired Mr. Goeden on September 8, 1992 at its Caldwell, Idaho plant as a Maintenance Mechanic.

10.      Defendant terminated Mr. Goeden when he was 62 years old on January 4, 2010.

11.      Defendant was well aware that Mr. Goeden is hearing impaired and that he used hearing aids.

12.      Defendant tests its' employees hearing annually and Mr. Goeden's hearing was

2

unchanged since 2006.

13.     In 2005, Defendant transferred Mr. Goeden to the Jerome, Idaho plant.

14.     In January 2007 Mr. Goeden injured his right shoulder at work.  In April 2007, he had surgery on his shoulder and then took some time off to recover from his surgery.

15.     When Mr. Goeden returned to work after his surgery in August 2007 his doctor prescribed that he return with only minor limitations that did not impact his ability to perform the essential functions of his job as  Maintenance Mechanic.  However, Defendant assigned him to be the plant's Preventative Maintenance Mechanic when he went back to work.

16.     In September 2009, as part of a company reduction in force Defendant eliminated Mr. Goeden's Preventative Maintenance position.  Defendant chose Mr. Goeden's position as the only position to eliminate in the maintenance department.

17.     Defendant provided its employees with "bumping rights," in the event of a layoff. Defendant encouraged Mr. Goeden to resign by offering him a severance payment in return for releasing his claims.  However, because Mr. Goeden had been a regular maintenance mechanic for fifteen years, including two and a half years at the Jerome plant, he exercised his right to transfer back to a regular Maintenance Mechanic job.

18.     But instead of allowing Mr. Goeden to move back into his previous position, Defendant required him to undergo a Physical Abilities Test on November 11, 2009, ostensibly due his previous shoulder injury and some earlier knee injuries.

19.     Although the medical evaluators determined that Mr. Goeden could meet the physical requirements of the position despite his shoulder and knee impairments, one evaluator noted that he had a "significant hearing deficit, which should have come as no surprise to

3

Defendant due to its annual hearing test program.

20.    Nonetheless, in December 2009, Defendant seized on the evaluator's determination concerning Mr. Goeden's hearing and required that he submit to another hearing examination.  *See* attached memo, **Exhibit A.**

21.    Defendant's audiologist concluded that Mr. Goeden had "severe to profound" hearing loss in both ears and could not perform the requirements listed in Maintenance Mechanic job description Defendant provided.  Mr. Goeden had never seen the job description prior to Defendant requiring him to go through testing in order to exercise his bumping rights.

22.    Without considering either that Mr. Goeden had performed as a mechanic for years or that his hearing had remained unchanged since 2006, Defendant chose to terminate Mr. Goeden for his poor hearing on January 4, 2010.  *See* attached memo, **Exhibit B**.

23.    Specifically, Defendant, without discussing any potential accommodation for his impairment, chose to fire Mr. Goeden as he was "unable to fulfill the requirements of the Maintenance Mechanic position because of [his] hearing deficit."

24.    Defendant elected to accommodate younger employees with disabilities but not Mr. Goeden, the oldest worker in the maintenance department.  Additionally, Defendant did not require any younger employees undergo a medical examination in order to continue in their job or exercise their bumping rights.

25.    In 1999, Mr. Goeden filed a charge of discrimination with the IHRC based on Darigold's discriminatory treatment of him including paying him less than his non-disabled counterpart and referencing his disability in reviewing his performance.  Pursuant to a settlement agreement, Darigold agreed to pay reasonable costs for necessary devices or treatment related to

Mr. Goeden's hearing impairment and reaffirmed its intention not to discriminate.

26.     Darigold breached this agreement when choose to refuse to engage in the interactive process to determine reasonable accommodations and instead decided to terminate him.

### FIRST CAUSE OF ACTION
### (Failure to Engage in the Interactive Process in Good Faith in Violation of the ADA-AA and the IHRA)

27.     Plaintiff incorporates the allegations contained in the above paragraphs as if fully set forth herein.

28.     At all times relevant hereto, Plaintiff was disabled within the meaning of the ADA-AA and the IHRA, as his hearing impairment substantially limited him in the major life function of hearing.

29.     At all times relevant hereto, Plaintiff was and is a qualified individual with a disability, who was able to perform the essential functions of his position with Defendant with reasonable accommodation.

30.     Defendant was well aware of Plaintiff's disability as his hearing was tested annually by the Defendant.

31.     Defendant failed to engage in the interactive process with Plaintiff in good faith when they did not explore reasonable accommodations.

32.     As a result of these violations, Plaintiff is entitled to recover damages for lost wages and benefits, plus prejudgment interest on those amounts.  Plaintiff is also entitled to compensatory damages in an amount to be proven at trial.

33.     Defendant's actions were taken with malice or reckless indifference to Plaintiff's

protected rights, and therefore, he is entitled to punitive damages in an amount to be proven at trial.

34.     Plaintiff is also entitled to recover attorney's fees costs incurred in bringing this action.

## SECOND CAUSE OF ACTION
**(Failure to Provide Reasonable Accommodations in Violation of the ADA-AA and IHRA)**

35.     Plaintiff incorporates the allegations contained in paragraphs above as if fully set forth herein.

36.     Even though Defendant was aware of Plaintiff's disability and his need for reasonable accommodations, Defendant refused to accommodate Plaintiff's disability by denying him a reasonable accommodation that would enable him to perform his job duties.

37.     As a result of these violations, Plaintiff is entitled to recover damages for lost wages and benefits and prejudgment interest on those amounts.  Plaintiff is also entitled to compensatory damages in an amount to be proven at trial.

38.     The actions of Defendant were taken with malice or reckless indifference to Plaintiff's federally protected rights, and therefore, he is entitled to punitive damages in an amount to be proven at trial.

39.     Plaintiff is also entitled to recover attorney's fees and costs incurred in bringing this action.

## THIRD CAUSE OF ACTION
**(Disability Discrimination in Violation of the ADA-AA and IHRA)**

40.     Plaintiff incorporates the allegations contained in paragraphs above as if fully set forth herein.

41.     Defendant ultimately terminated Plaintiff's employment because of his disability.

42.     As a result of these violations, Plaintiff is entitled to recover damages for lost wages and benefits and prejudgment interest on those amounts.  Plaintiff is also entitled to compensatory damages in an amount to be proven at trial.

43.     The actions of Defendant were taken with malice or reckless indifference to Plaintiff's federally protected rights, and therefore, he is entitled to punitive damages in an amount to be proven at trial.

44.     Plaintiff is also entitled to recover attorney's fees and costs incurred in bringing this action.

### FOURTH CAUSE OF ACTION
**(Improper Medical Examination in violation of the ADA-AA and IHRA)**

45.     Plaintiff incorporates the allegations contained in paragraphs above as if fully set forth herein.

46.     Defendant's decision in compelling Plaintiff to submit to medical examinations was not job-related or consistent with business necessity.

47.     As a result of these violations, Plaintiff is entitled to recover damages for lost wages and benefits and prejudgment interest on those amounts.  Plaintiff is also entitled to compensatory damages in an amount to be proven at trial.

48.     The actions of Defendant were taken with malice or reckless indifference to Plaintiff's federally protected rights, and therefore, he is entitled to punitive damages in an amount to be proven at trial.

49.     Plaintiff is also entitled to recover attorney's fees and costs incurred in bringing this action.

**FIFTH CAUSE OF ACTION**
**(Breach of Contract under State Law)**

50.     Plaintiff incorporates the allegations contained in paragraphs above as if fully set forth herein.

51.     Pursuant to the parties' settlement agreement Defendant agreed to pay reasonable costs for necessary devices or treatment related to Mr. Goeden's hearing impairment and reaffirmed its intention not to discriminate.

52.     Defendant breached this agreement by choosing to not engage in the interactive process and provide Mr. Goeden with reasonable accommodations, and instead fire him.

53.     Mr. Goeden has been damaged by this breach including suffering lost wages and benefits.

54.     Defendant's breach is the proximate cause of his damages. Mr. Goeden is entitled to recover all damages as a result of this breach.

**SIXTH CAUSE OF ACTION**
**(Age Discrimination in violation of ADEA and IHRA)**

55.     Defendant decision to select Mr. Goeden's position for layoff, require him to undergo a medical examination prior to exercising his bumping rights, refusing to accommodate him, and ultimately terminating him was due to Plaintiff's age.

56.     As a result of these violations, Plaintiff is entitled to recover damages for lost wages and benefits and prejudgment interest on those amounts.

57.     The actions of Defendant were taken with malice or reckless indifference to Plaintiff's federally protected rights, and therefore, he is entitled to liquidated damages in an amount to be proven at trial.

58.     Plaintiff is also entitled to recover attorney's fees and costs incurred in bringing this action.

## JURY DEMAND

59.     Plaintiff, by and through counsel of record, and pursuant to Fed. R. Civ. P. 38 hereby demands a trial by jury of any issue triable of right by jury.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for judgment against Defendant as follows:

1.      For an order and judgment against Defendant for appropriate back pay, lost benefits and reimbursement for any other of Plaintiff's pecuniary losses;

2.      For reinstatement or front pay in lieu of reinstatement;

3.      For compensatory damages to compensate Plaintiff for his emotional distress, loss of enjoyment of life, and other non-pecuniary losses in amounts to be established at trial;

4.      For Plaintiff's reasonable attorney's fees and costs of court;

5.      For punitive damages in substantial, appropriate, and reasonable amounts;

6.      For liquidated damages; and

7.      For such further and other relief the court deems appropriate.


DATED this 27th day of May, 2011

**STRINDBERG & SCHOLNICK, LLC**

/s/Erika Birch

9