IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| RICHARD GOEDEN,<br><br>    Plaintiff,<br><br>v.<br><br>DARIGOLD, INC., a Washington corporation<br><br>    Defendant. | Case No.  1:11-CV-252-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it plaintiff Goeden's motion for protective order and/or to quash subpoenas.  Goeden claims that defendant Darigold's subpoenas to five of Goeden's medical providers seek irrelevant material.  After the parties were unable to reach a mediated settlement of this dispute, the Court directed counsel to file short briefs.  Those briefs have been filed and the matter is at issue.  For the reasons explained below, the Court will deny the motion.

## ANALYSIS

In this case, Goeden claims Darigold fired him because of his age and his physical limitations.  He has brought suit under the Americans with Disability Act (ADA) and the Age Discrimination in Employment Act (ADEA), among other claims.  He seeks back

**Memorandum Decision & Order - 1**

pay, front pay, and reinstatement.

On December 7, 2011, Darigold served third-party subpoenas on five of Goeden's medical providers requesting production of "any and all medical records" without time restrictions. Darigold has since withdrawn those subpoenas and intends to revise them to seek medical records only from January 1, 2007 to the present. Darigold has committed to bear the reasonable cost of production of the medical records.

Goeden has no objection to the discovery of his medical records concerning (1) both of his shoulders, (2) both knees, and (3) his hearing. But he alleges that medical records relating to his other ailments "could clearly lead to embarrassment" and are irrelevant. *See Goeden Brief (Dkt. No. 22-1)* at 3.

The Court disagrees with Goeden's claim that the medical records are irrelevant. Goeden's work and life expectancy "are pertinent factors in calculating front pay." *See Gotthardt v. National R.R. Passenger Corp.*,191 F.3d 1148, 1157 (9th Cir. 1999). Goeden's medical conditions – beyond the narrow confines of his shoulders, knees and hearing – could affect his work and life expectancy and therefore could affect his claim to front pay. In other words, Darigold is not engaged in a mere fishing expedition here.

The Court agrees with Goeden that medical records contain highly personal and sensitive matters. However, he asserts no privilege that would keep these records entirely hidden from view, and the existing Protective Order will ensure that the records are only seen by those who have been approved by both sides.

Goeden also argues that Darigold's request is at least in part duplicative because

**Memorandum Decision & Order - 2**

he has already committed to producing all his records on his shoulder, knee, and hearing ailments. Darigold's request may be duplicative to some degree, but Darigold is paying for it. Moreover, it is more efficient and cost effective to ask the providers for all medical records rather than to require them to spend the large amount of time necessary to sift through all those records and cull out the records relating to shoulders, knees, and hearing.

For all of these reasons, the Court will deny Goeden's motion.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for protective order and/or motion to quash subpoenas (docket no. 22) is DENIED.

DATED: **February 22, 2012**

Honorable B. Lynn Winmill
Chief U. S. District Judge